UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MITCHELL ERBLICH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GAIL SASAKI, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-01265-LB<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: ECF No. 17 |

**INTRODUCTION**

The plaintiff, a software programmer, sued his former employer Netlist (and two executives there) for failing to pay him overtime and meal-and-rest-break wages, reimburse him for expenses, and comply with related wage-and-hours requirements (such as an accurate wage statement that reflected the unpaid wages), in violation of the Fair Labor Standards Act (FLSA) and the California Labor Code.[1] Netlist removed the case to federal court, asserting federal-question jurisdiction, and then moved to dismiss the complaint for improper service and failure to state a claim.[2] The court can decide the motion without oral argument, N.D. Cal. Civ. L.R. 7-1(b), and grants the motion.

---

[1] First Am. Compl. (FAC) – ECF No. 15. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Notice of Removal – ECF No. 1; Mot. – ECF No. 17.

ORDER – No. 23-cv-01265-LB

# STATEMENT

The plaintiff worked remotely from his home as a software engineer for Netlist from February 22, 2022, to June 10, 2022, when Netlist terminated his employment.[3] He claims that he worked overtime (more than eight hours a day, forty hours a week), basically because he had to work during the core hours of 9 a.m. to 6 p.m., and his manager denied him overtime (but permitted him to work extra hours outside of core hours).[4] He also had to work overtime because he had to participate in computer-system upgrades that occurred outside of the core hours.[5] He missed rest breaks because Netlist scheduled meetings that went longer than three hours at least three times a week.[6] He had to buy hardware, software, and educational materials and was not reimbursed.[7] Netlist did not reimburse him for "payments made in reliance on promised employee benefits."[8] Netlist did not give him accurate pay stubs.[9] The defendants — Netlist, its CFO Gail Sasaki, and its Vice President of ASIC Engineering Raj Ghandi — knew about his overtime work and inability to take breaks. (He does not say how.)[10]

The plaintiff filed the complaint in state court on December 16, 2022.[11] No proofs of service were filed on the docket in state court. After Netlist moved to dismiss, the plaintiff filed three proofs of service showing substituted service on February 16, 2023: two listing "Netlist Inc." as the party served (one left with Ms. Sasaki and one with Netlist's HR manager Nuroosha Goohewa) and one listing Mr. Ghandi as the party served (also left with Nuroosha Goohewa). The process server then mailed copies to the address of service. Netlist raises an issue about the address: two proofs of service have the office address and a third has service at Ms. Sasaki's home at the same time. The

---

[3] FAC – ECF No. 15 at 3 (¶ 18), 4 (¶¶ 26–27, 30), 7 (¶ 59).
[4] *Id*. at 4 (¶¶ 32–34).
[5] *Id.* at 5 (¶ 37).
[6] *Id.* (¶ 35).
[7] *Id*. at 3 (¶¶ 18–19), 7 (¶¶ 55–56).
[8] *Id*. at 7 (¶ 58).
[9] *Id.* (¶ 57).
[10] *Id*. at 2–3 (¶¶ 3–16).
[11] Compl. – ECF No. 1-1 at 4.

declarations of diligence all list service at Netlist's office. The declarations show unsuccessful attempts to serve at Netlist's business address on February 13, 14, and 16, and two unsuccessful attempts to serve at the home address. The Ghandi declaration also shows unsuccessful service at (presumably) Mr. Ghandhi's home on February 14 and 15.[12]

The FAC has the following claims, all asserted against all defendants: (1) failure to properly pay overtime wages, in violation of Cal. Lab. Code §§ 510, 1194, 1194.2; (2) failure to provide accurate, itemized wage statements, in violation of Cal. Lab. Code § 226; (3) failure to pay wages owed at the plaintiff's termination, in violation of Cal. Lab. Code § 201, and subject to a penalty under Cal. Lab. Code § 203; (4) failure to provide lunch and rest periods, in violation of Cal. Lab. Code § 226; (5) failure to reimburse expenses, in violation of Cal. Lab. Code § 2802; (6) a violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, predicated on the wage-and-hour violations; and (7) failure to pay overtime wages at one-and-one-half times the plaintiff's regular rate, in violation of the FLSA, 29 U.S.C. § 216(b).[13]

All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[14]

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide

---

[12] Proofs of Serv. – ECF Nos. 19–21; Cal. Sec'y of State Bus. Search for Netlist Inc. – ECF No. 17-3 at 4–6 (shows Netlist's business address).

[13] FAC – ECF No. 15 at 7–15. The court cites the page numbers and not the paragraph numbers because the paragraph numbers are off in claim seven.

[14] Consents – ECF Nos. 10, 14.

ORDER – No. 23-cv-01265-LB        3

the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves. . . ." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up).

Put another way, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

If a court dismisses a complaint because of insufficient factual allegations, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court dismisses a complaint because its legal theory is not cognizable, the court should give leave to amend if the plaintiff could "articulate a cognizable legal theory if given the opportunity." *Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th Cir. 2017).

## ANALYSIS

There are two issues, sufficiency of service and the plausibility of the claims. As to service, at least one defendant has not been served, but it seems a poor exercise — given actual notice — to stand on the issue. The allegations are in any event too conclusory to state a claim.

1. **Service**

The parties agree that the time for service was sixty days after the complaint was filed on December 16, 2022, meaning, by February 14, 2023. Cal. R. Ct. 3.110(b). There was no one at the office on February 13 or 14 (or later that week). Ultimately, service was accomplished two days after the deadline. As the Statement shows, it does seem that the proofs of service have clerical errors, but it also seems that the complaint was actually given to Ms. Sasaki, Netlist's agent for service of process, and to Netlist's HR manager. From this it seems that service was proper for Netlist and Ms. Sasaki, albeit two days late. Service was not effected on Mr. Ghandi: the rule requires personal service on him. *Id.*

The problem is compounded because the parties are necessarily talking past each other: the plaintiff did not file his proofs of service until after Netlist filed its motion to dismiss, and then in its reply, Netlist focuses on the impossibility of service at two addresses seven miles apart at the same time, without addressing the additional information in the declaration of diligence.[15]

The issue is what to do now: if service is not effected, then the amended complaint needed to be served on the defendants who were not served previously.

One approach is that if the court is correct that there are clerical errors on the summonses, then the plaintiff can fix that by filing amended summonses. That would cure the issue for two defendants. The plaintiff tried to effect service at an office address during a business day during the appropriate time period. There were many attempts at service, including on Mr. Ghandi, and two days is not grounds for dismissal. *Cf.* Cal. Civ. Proc. Code § 583.420(a)(1) (dismissal is discretionary if the summons and complaint are not served within two years after commencement of the action). It might be a better use of client resources if the parties conferred to see whether they can work out the service issues. The plaintiff could request a waiver of service for Mr. Ghandi for any amended complaint.

---

[15] Reply – ECF No. 23 at 3.

**2. Failure to State a Claim**

The allegations are in any event too conclusory to plausibly plead claims.

In *Landers v. Quality Commc'ns Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014), the Ninth Circuit set forth the standard for pleading wage-and-hour claims post-*Twombly* and *Iqbal*. The plaintiff alleged that his employer violated the minimum-wage and overtime requirements of the FLSA. *Id.* at 639–40. Specifically, the complaint alleged:

> The named plaintiff was entitled to a minimum wage and an overtime hourly wage of time and one-half his regular hourly wage for all hours worked in excess of forty hours per week, the named plaintiff worked more than 40 hours per week for the defendants, and the defendants willfully failed to make said overtime and/or minimum wage payments.

*Id.* at 646 (cleaned up).

The Ninth Circuit held that this recitation did not state a claim in light of *Twombly* and *Iqbal*. *Id.* It noted "the Supreme Court's pronouncement in *Iqbal* that a [p]laintiff's pleading burden cannot be discharged by a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action." *Id.* at 644 (cleaned up). It held that "although plaintiffs in these types of cases cannot be expected to allege with mathematical precision the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* at 643 (cleaned up). A complaint that "merely alleges that [a plaintiff] was not paid for overtime hours worked," without more, does not plead a plausible claim. *Id.* at 646.

*Twombly* and *Iqbal* apply to all civil claims in federal court, and thus federal courts apply the *Twombly*/*Iqbal* standard as delineated in *Landers* to minimum-wage, overtime, meal-breaks, and rest-period claims under the California Labor Code. Courts have held that to state a claim, a plaintiff must plead facts demonstrating, in the alternative, (a) she was not paid minimum wage for at least one workweek, or (b) she worked in excess of forty hours and was not paid overtime, or (c) she was impeded from taking a meal break or rest period. *See, e.g.*, *Cortez v. United Nat. Foods, Inc.*, No. 18-cv-04603-BLF, 2019 WL 955001, at *10, *12 (N.D. Cal. Feb. 27, 2019) (applying *Landers* to California Labor Code minimum-wage, overtime, meal-break, and rest-period claims);

*Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *4–7 (N.D. Cal. May 30, 2018) (same).

Courts have held that general allegations that a plaintiff "regularly" worked without being adequately compensated, without more facts, are conclusory and insufficient to state a claim. *See, e.g.*, *Bush v. Vaco Tech. Servs.*, No. 17-cv-05605-BLF, 2018 WL 2047807, at *9 (N.D. Cal. May 2, 2018) (the plaintiff's "bare assertion that she 'regularly' worked more than the statutory requirement is conclusory and insufficient under the standard set forth in *Landers*"). Similarly, general allegations that the defendant "required" a plaintiff to work without being adequately compensated, without more facts, are conclusory and insufficient to state a claim. *Id.* at *8 (allegations that the plaintiff "was required to report to [the defendant]'s headquarters" at certain times "is another way of saying that [the plaintiff] and the putative class 'regularly' worked excess hours, and does not amount to an allegation that [the plaintiff] *actually* worked" excess hours"); *McMillian v. Overton Sec. Servs.*, No. 17-cv-03354-JSC, 2017 WL 4150906, at *2 (N.D. Cal. Sept. 19, 2017) (allegations that plaintiff "was required to work in excess of 40 hours per week" do not state a plausible claim).

For the reasons that the defendants advance, the plaintiff's allegations are too conclusory. He does not identify any overtime hours he actually worked, which does not satisfy *Landers*. The wage-statement and waiting-time-penalties claims fail because they are predicated on the overtime claim. The meal-breaks allegations are conclusory too. The plaintiff does not allege any facts about the individual defendants' knowledge. The UCL claim fails because it is predicated on the wage-and-hours violations. The court dismisses the claims with leave to amend.

## CONCLUSION

The plaintiff may file an amended complaint within twenty-eight days and must attach a blackline compare of the amended complaint to the current complaint. This disposes of ECF No. 17.

**IT IS SO ORDERED.**

Dated: June 25, 2023

LAUREL BEELER
United States Magistrate Judge