UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MITCHELL ERBLICH,<br><br>Plaintiff,<br><br>v.<br><br>RAJ GANDHI, et al.,<br><br>Defendants. | Case No. 23-cv-01265-LB<br><br>**ORDER TO SHOW CAUSE REGARDING SERVICE AND GRANTING MOTION TO DISMISS IN PART**<br><br>Re: ECF No. 27 |

**INTRODUCTION**

The plaintiff, a programmer, sued his former employer Netlist and two Netlist executives in state court for failing to comply with federal and state laws governing overtime, meal and rest breaks, and expense reimbursement. Netlist removed the case to federal court, asserting federal-question jurisdiction.[1] In an earlier order, the court dismissed the claims under *Landers v. Quality Commc'ns Inc.*, which requires more than bare assertions of wage-and-hours violations. *See* 771 F.3d 638, 644–45 (9th Cir. 2014). The plaintiff also had not served defendant Raj Gandhi (and still has not served him).[2] The plaintiff then filed an amended complaint, dropping one defendant and naming only Netlist and Mr. Gandhi as defendants. The defendants moved to dismiss, raising the

---

[1] Notice of Removal – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 24 at 5; Docket; Opp'n – ECF No. 29 (no response to arguments about service).

ORDER – No. 23-cv-01265-LB

1  lack of service of Mr. Gandhi and asserting that the allegations still are too conclusory.[3] The court

2  can decide the motion without oral argument. N.D. Cal. Civ. L.R. 7-1(b).

3      The court orders the plaintiff to show cause in writing within six weeks why the case against

4  Mr. Gandhi should not be dismissed for failure to serve him. The plaintiff otherwise plausibly

5  pleads claims against Netlist (but not Mr. Gandhi). The court dismisses the claims against Mr.

6  Gandhi with leave to amend within three weeks.

7

8                                                     **STATEMENT**

9      The plaintiff worked for Netlist as a software programmer from February 22, 2022, to June 10,

10  2022, at an hourly rate of $85 with benefits that included paid time off, medical benefits, and

11  10,000 shares of restricted stock units.[4] Netlist did not give him an employee handbook or any

12  "introduction to work rules."[5] Netlist set an eight-hour-per-day, forty-hour-per-week work

13  schedule: 9:00 a.m. to 6:00 p.m., Monday through Friday, with one one-hour lunch break, Monday

14  to Friday.[6] He worked more than eight hours every day and forty hours every week.[7] For example,

15  he "recorded in a notebook and recalls that he worked four hours and 15 minutes . . . over his

16  regular 40 hours a week on Sunday, March 6, 2022."[8] He similarly "recalls and recorded" that on

17  May 30, 2022, he worked for seven extra hours (for a total of fifteen hours) "in part due to a

18  Windows update [that] Netlist Defendants required him to process."[9] That day, he did not take the

19  two thirty-minute lunch breaks required by California law.[10]

20      Netlist required him to read a book called "Programming Persistent Memory," which was a

21  comprehensive guide for developers. It took him thirty-two hours to read the book, but they did

22

---

23  [3] Second Am. Compl. (SAC) – ECF No. 26; Mot. – ECF No. 27.

   [4] SAC – ECF No. 26 at 3 (¶¶ 9–13), 7 (¶ 49).

24     [5] *Id.* (¶ 14).

25     [6] *Id.* (¶¶ 15–16).

26     [7] *Id.* (¶ 17).

   [8] *Id.* (¶ 18).

27     [9] *Id.* (¶ 19).

28     [10] *Id.* at 4 (¶ 20).

United States District Court
Northern District of California

1    not pay him for the time. Similarly, Netlist required him to watch a security video that took 1.5

2    hours and did not pay him.[11]

3        On March 3, 2022, the plaintiff wrote to Netlist's HR department and told them that Mr.

4    Gandhi refused to pay him overtime for hours that he was required to work and alerted them that

5    his job requirements entailed a work week of more than fifty hours a week, not including five

6    hours for administrative tasks for his Netlist computer.[12] He asked for clarification about whether

7    he was entitled to overtime for hours over the nine-to-six core hours.[13] Netlist thus knew that he

8    was working overtime and did not pay him for it.[14]

9        In addition to the specific lunch breaks he missed on May 30, 2022, Netlist "allowed its

10   various departments to schedule continuous meetings with Plaintiff approximately four out of five

11   days of every week," which meant he could not take his thirty-minute lunch break.[15] When he did

12   not receive his thirty-minute lunch break, Netlist did not pay him the "one hour of premium pay

13   and his regular rate of pay."[16]

14       Netlist required him to use an Intel Linux computer and Mac computer to operate, test, and

15   document Netlist's software, which meant that he had to buy a Mac mini computer and an Intel

16   computer for about $4,000. Netlist refused to reimburse him for the computer expenses "and other

17   required expenses to perform his work."[17]

18       Netlist thus did not give him accurate pay stubs or reimburse his business expenses.[18]

19       The claims are all asserted against Netlist and Mr. Gandhi: (1) failure to properly pay overtime

20   wages, in violation of Cal. Lab. Code §§ 510, 1194, 1194.2; (2) failure to provide accurate,

21   itemized wage statements, in violation of Cal. Lab. Code § 201, and subject to a penalty under

22

23   [11] *Id.* (¶¶ 21–23).

24   [12] *Id.* (¶¶ 24–26).

     [13] *Id.* (¶ 28).

25   [14] *Id.* at 5 (¶¶ 29–36).

26   [15] *Id.* at 6 (¶¶ 37–38).

     [16] *Id.* (¶¶ 38–39).

27   [17] *Id.* at 6–7 (¶¶ 41–46).

28   [18] *Id.* at 7 (¶¶ 47–48).

United States District Court
Northern District of California

1    Cal. Lab. Code § 203; (4) failure to provide lunch periods, in violation of Cal. Lab. Code § 226;

2    (5) failure to reimburse expenses, in violation of Cal. Lab. Code § 2802; (6) a violation of

3    California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, predicated on the

4    wage-and-hour violations; and (7) failure to pay overtime wages at one-and-one-half times the

5    plaintiff's regular rate, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).[19]

6        All parties (including Mr. Gandhi, who consented without waiving his challenges to service)

7    consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[20]

8

9                                    **STANDARD OF REVIEW**

10       A complaint must contain a "short and plain statement of the claim showing that the pleader is

11   entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds

12   upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

13   (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal

14   theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank*

15   *N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

16       A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide

17   the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

18   formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

19   enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned

20   up). A complaint must contain factual allegations that, when accepted as true, are sufficient to

21   "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

22   *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th

23   Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves. . . ." *NorthBay*,

24   838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*,

25   898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the

26

27   [19] *Id.* at 7–14. The court cites the page numbers and not the paragraph numbers because the paragraph numbers are off in claim seven.

28   [20] Consents – ECF Nos. 10, 14.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up).

2          Put another way, "[a] claim has facial plausibility when the plaintiff pleads factual content that

3    allows the court to draw the reasonable inference that the defendant is liable for the misconduct

4    alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability

5    requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

6    *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

7    short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

8          If a court dismisses a complaint because of insufficient factual allegations, it should give leave

9    to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook,*

10   *Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court

11   dismisses a complaint because its legal theory is not cognizable, the court should not give leave to

12   amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *see*

13   *Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th Cir. 2017) (leave to

14   amend may be appropriate if the plaintiff "identifie[s] how she would articulate a cognizable legal

15   theory if given the opportunity").

16                                              **ANALYSIS**

17         There are two issues: service on Mr. Gandhi and whether the plaintiff plausibly pleads claims.

18   The court orders the plaintiff to show cause why the case should not be dismissed against Mr.

19   Gandhi for failure to serve him. Otherwise, the claims survive against Netlist.

20

21   **1.  Service**

22         As set forth in the earlier order, the time to serve was sixty days after the complaint was filed

23   on December 16, 2022, meaning, by February 14, 2023. Cal. R. Ct. 3.110(b). The plaintiff tried to

24   serve Mr. Gandhi at his home on February 14 and 15. To the extent that there was delay, it did not

25   warrant dismissal.[21] *Cf.* Cal. Civ. Proc. Code § 583.420(a)(1) (dismissal is discretionary if the

26   summons and complaint are not served within two years after commencement of the action).

27

28   [21] Order – ECF No. 24 at 3, 5.

1    Still, service must be effected. The court orders the plaintiff to show cause by filing a written

2    submission within six weeks why the case against Mr. Gandhi should not be dismissed for failure

3    to serve him. *See Chang v. Beauchamp*, No. 19-cv-07068-JSW, 2021 WL 667498, at *5 (N.D.

4    Cal. Jan. 19, 2021) (in removed case, dismissed case for failing to serve an individual defendant).

5

6    **2. Failure to State a Claim**

7    The relevant standard was in the court's earlier order and is set forth again below.[22]

8    In *Landers v. Quality Commc'ns Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014), the Ninth Circuit

9    set forth the standard for pleading wage-and-hour claims post-*Twombly* and *Iqbal*. The plaintiff

10   alleged that his employer violated the minimum-wage and overtime requirements of the FLSA. *Id.*

11   at 639–40. Specifically, the complaint alleged:

> The named plaintiff was entitled to a minimum wage and an overtime hourly wage
> of time and one-half his regular hourly wage for all hours worked in excess of forty
> hours per week, the named plaintiff worked more than 40 hours per week for the
> defendants, and the defendants willfully failed to make said overtime and/or
> minimum wage payments.

15   *Id.* at 646 (cleaned up).

16   The Ninth Circuit held that this recitation did not state a claim in light of *Twombly* and *Iqbal*.

17   *Id.* It noted "the Supreme Court's pronouncement in *Iqbal* that a [p]laintiff's pleading burden

18   cannot be discharged by a pleading that offers labels and conclusions or a formulaic recitation of

19   the elements of a cause of action." *Id.* at 644 (cleaned up). It held that "although plaintiffs in these

20   types of cases cannot be expected to allege with mathematical precision the amount of overtime

21   compensation owed by the employer, they should be able to allege facts demonstrating there was

22   at least one workweek in which they worked in excess of forty hours and were not paid overtime

23   wages." *Id.* at 643 (cleaned up). A complaint that "merely alleges that [a plaintiff] was not paid for

24   overtime hours worked," without more, does not plead a plausible claim. *Id.* at 646.

25   *Twombly* and *Iqbal* apply to all civil claims in federal court, and thus federal courts apply the

26   *Twombly*/*Iqbal* standard as delineated in *Landers* to minimum-wage, overtime, meal-breaks, and

27

28   [22] *Id.* at 6–7.

1   rest-period claims under the California Labor Code. Courts have held that to state a claim, a

2   plaintiff must plead facts demonstrating, in the alternative, (a) she was not paid minimum wage for

3   at least one workweek, or (b) she worked in excess of forty hours and was not paid overtime, or (c)

4   she was impeded from taking a meal break or rest period. *See, e.g.*, *Cortez v. United Nat. Foods,*

5   *Inc.*, No. 18-cv-04603-BLF, 2019 WL 955001, at *10, *12 (N.D. Cal. Feb. 27, 2019) (applying

6   *Landers* to California Labor Code minimum-wage, overtime, meal-break, and rest-period claims);

7   *Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *4–7 (N.D. Cal. May

8   30, 2018) (same).

9        Courts have held that general allegations that a plaintiff "regularly" worked without being

10  adequately compensated, without more facts, are conclusory and insufficient to state a claim. *See,*

11  *e.g.*, *Bush v. Vaco Tech. Servs.*, No. 17-cv-05605-BLF, 2018 WL 2047807, at *9 (N.D. Cal. May

12  2, 2018) (the plaintiff's "bare assertion that she 'regularly' worked more than the statutory

13  requirement is conclusory and insufficient under the standard set forth in *Landers*"). Similarly,

14  general allegations that the defendant "required" a plaintiff to work without being adequately

15  compensated, without more facts, are conclusory and insufficient to state a claim. *Id.* at *8

16  (allegations that the plaintiff "was required to report to [the defendant]'s headquarters" at certain

17  times "is another way of saying that [the plaintiff] and the putative class 'regularly' worked excess

18  hours, and does not amount to an allegation that [the plaintiff] *actually* worked" excess hours");

19  *McMillian v. Overton Sec. Servs.*, No. 17-cv-03354-JSC, 2017 WL 4150906, at *2 (N.D. Cal.

20  Sept. 19, 2017) (allegations that plaintiff "was required to work in excess of 40 hours per week"

21  do not state a plausible claim).

22       There are two issues: (1) whether the plaintiff generally plausibly pleads claims against Netlist

23  and (2) whether he pleads claims against the individual defendant, Mr. Gandhi.

24       First, for the claims against Netlist, at the pleadings stage, the plaintiff has said enough.

25       For the overtime and missed meal breaks, the plaintiff alleged that he had to work overtime to

26  complete his job responsibilities, he gave specific examples of when he worked overtime and

27  missed lunch breaks, and he told HR that he was working overtime (and that his supervisor did not

28  sign off on overtime), thus showing Netlist's knowledge. Courts have held similar allegations

United States District Court
Northern District of California

1   sufficient at the pleadings stage. *Bowerman v. Field Asset Servs., Inc.*, No. 3:13-cv-00057-WHO,

2   2023 WL 5111961, at *2–3 (N.D. Cal. Aug. 9, 2023) (denying motion to dismiss when complaint

3   alleged the length of an average work week (fifty to sixty hours a week) and "provided specific

4   examples and reasons why [the plaintiff] was not paid for overtime," including the need to

5   accomplish his assigned tasks within a three-day period, the threats of consequences if he did not

6   do so, and his payment by the job task, not by the hour); *Sablowsky v. Auto-Chlor Sys., LLC*, No.

7   23-cv-02555-AGT, 2023 WL 4828009, at *1 (N.D. Cal. July 26, 2023) (denying motion to

8   dismiss when the two plaintiffs each identified one workweek where they worked overtime (sixty

9   and fifty hours, respectively)).

10       The plaintiff also states a claim for reimbursement of expenses under Cal. Labor Code § 2802.

11   An employer must reimburse an employee "for all necessary expenditures or losses incurred by

12   the employee in direct consequence of the discharge of his or her duties, or of his or her obedience

13   to the directions of the employer." Cal. Lab. Code § 2802(a). "Merely alleging failure to reimburse

14   unspecified work-related expenses is not enough to state a Section 2802 claim." *Tan v. GrubHub,*

15   *Inc.*, 171 F. Supp. 3d 998, 1005 (N.D. Cal. 2016) (collecting cases). "Instead, Section 2802 claims

16   are sufficiently pled where the complaint identifies the particular expenses that were not

17   reimbursed and affirmatively alleges that the expenses were part of the plaintiff's job duties." *Id*.

18   (collecting cases). The plaintiff did that: he alleged that Netlist required him to use an Intel Linux

19   computer and Mac computer to operate, test, and document Netlist's software, which meant that

20   he had to buy a computer equipment for about $4,000. Netlist did not reimburse him for these

21   expenses.

22       The remaining claims are derivative claims and survive to the extent that the predicate claims

23   do.

24       Second, as to Mr. Gandhi, assuming that service can be accomplished, the issue is whether the

25   plaintiff plausibly pleaded Mr. Gandhi's personal involvement.[23] Cal. Labor Code §§ 558(a),

26   558.1(a); *Rios v. Linn Star Transfer, Inc.*, No. 19-cv-07009-JSC, 2020 WL 1677338, at *4–6 (N.D.

27

28   [23] Mot. – ECF No. 27 at 20.

1   Cal. Apr. 6, 2020) (liability under § 558.1 extends to an "owner, director, officer, or managing agent

2   of the employer" who "violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194,

3   or 2802" of the Labor Code; plaintiffs must "allege specific facts to establish that [the individual

4   Defendant] was personally involved in the alleged violations;" granted motion to dismiss because

5   allegations were conclusory and relied only on the individual defendants' positions as owners,

6   directors, officers, or managing agents); *Usher v. White*, 64 Cal. App. 5th 883, 895 (2021).

7   Similarly, under the FLSA, only an employer is subject to liability. *Boucher v. Shaw*, 572 F.3d

8   1087, 1091 (9th Cir. 2009). The allegations against Mr. Gandhi are too conclusory to show that he

9   was actually responsible as the equivalent of an employer, especially given the apparent escalation

10  of the issue to HR.

### CONCLUSION

12      The court dismisses the claims against Mr. Gandhi with leave to amend within three weeks. Any

13  amended complaint must contain a blackline of the new complaint against the current complaint.

14  The plaintiff must show cause in writing within six weeks why he has not effected service on Mr.

15  Gandhi. Given that the claims survive against the employer, and given the relatively spare

16  allegations of overtime and missed breaks, the court wonders whether claims against Mr. Gandhi

17  are necessary. The need for an individual defendant is different than it is in, for example, a

18  retaliatory discharge case.

19      This disposes of ECF No. 27.

20      **IT IS SO ORDERED.**

21      Dated: September 22, 2023

        _____
22                                          LAUREL BEELER
                                            United States Magistrate Judge

United States District Court
Northern District of California

ORDER – No. 23-cv-01265-LB                              9